IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BRITTANE TOWNSEND, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 13 C 3903 |
| **STERLING JEWELERS INC., a Delaware corporation,** | ) ) ) | Judge Gary Feinerman |
| **Defendant.** | ) ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT**

Upon review and consideration of Class Counsel's Preliminary Approval Motion[1], and the supporting materials filed by the Parties, including the Settlement Agreement and the exhibits annexed thereto, and upon consideration of the arguments of counsel presented at the hearing conducted on April 7, 2014, this Court makes the following findings:

1. This Court has jurisdiction over the subject matter of the Litigation and over all parties to this Litigation.

2. The Court has balanced a number of factors relevant to the claims asserted in the Amended Complaint, including the strength of Plaintiff's allegations, the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining and maintaining class action status throughout the trial; the amount offered in the Settlement Agreement; the stage of the proceedings; and the experience and the views of counsel, and the terms of the Settlement Agreement, and the Settlement provided therein, are within the range of reasonableness and

---

[1] This Order Granting Preliminary Approval of the Settlement incorporates by reference the definitions in the Settlement Agreement between the Parties, dated March 13, 2014 (the "Settlement Agreement") and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless provided otherwise.

appropriate for preliminary approval. The Settlement is preliminarily approved as fundamentally fair, reasonable and adequate, subject to further consideration thereof at the Final Approval Hearing described in Paragraph 23 of this Order.

3. Solely for purposes of settlement, and with no other effect in the Litigation, including if the Settlement ultimately is not approved or final Judgment is not entered, the proposed class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure.

4. In accordance with the Settlement Agreement, and pursuant to Federal Rules of Civil Procedure Rule 23(a) and (b)(3), this Court hereby provisionally certifies the following Class:

> All employees and employment applicants of Sterling residing in the United States who, between May 29, 2008 through the Date of Preliminary Approval, suffered an adverse employment action based on information contained in consumer reports obtained by Sterling without receiving (i) a pre-adverse action disclosure containing a copy of the consumer report, a description in writing of the employee or applicant's rights under the FCRA; and (ii) a pre-adverse action opportunity to dispute the accuracy of the reported information.

5. Solely for purposes of settlement, the Court provisionally finds as to the Class that the following requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied:

    a. The Class is ascertainable;

    b. The Class is so numerous that joinder of all members is impractical;

    c. There are questions of law and fact common to the Class, including the nature of Sterling's practices challenged in the Amended Complaint during the period of time encompassed by the Class, and the legality of the challenged conduct at issue;

    d. The claims of the proposed Class Representative Brittane Townsend are typical of the claims of the Class in the Amended Complaint that the Class Representative seeks to certify; and

  e. The Class Representative and Siprut PC will fairly and adequately protect the interests of the Class.

6. Solely for purposes of settlement, the Court further provisionally finds as to the Class that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied:

  a. The questions of law or fact common to Class Members predominate over the questions affecting individual members, in that the central issues in this Litigation are common among the Class Representative and the Class, and the elements of their claims can be evaluated through common evidence; and

  b. Certification of the Class is superior to other available methods for fair and efficient resolution of the controversy.

7. The Settlement Agreement shall apply to the Class provisionally certified.

8. For the purpose of this Preliminary Approval Order and all matters relating to the Settlement in this Litigation, until further order of the Court, Brittane Townsend is appointed as Class Representative; Joseph J. Siprut and the law firm of Siprut PC is appointed as Class Counsel; and Hilsoft Notifications and Epiq Class Actions, Inc. is appointed to serve as Claims Administrator.

9. The Court approves, as to form and content, the proposed Class Notice, Claim Form, and Notice Plan.

10. The Court directs the dissemination of the Class Notice in accordance with the Notice Plan and as set forth in the Settlement Agreement.  The Court finds that the method and dates selected for the provision of Class Notice meet the requirements of due process, provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons

3

entitled to notice. The Court directs Sterling to provide to the Claims Administrator all information reasonably and practically necessary to administer the Settlement.

11. No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any party to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

12. Even if not specifically mentioned herein, all elements of the Settlement Agreement are preliminarily approved by this Order.

13. The certification of the Class under this Preliminary Approval Order is for settlement purposes only. Under no circumstances shall the Settlement Agreement, this Order Granting Preliminary Approval of the Settlement, or the fact of the Settlement, be construed, deemed, or used as an admission or concession by Sterling of any fault, liability or wrongdoing whatsoever. Entry of this Preliminary Approval Order is without prejudice to the rights of any party to oppose class certification should the proposed Settlement Agreement not be granted final approval.

14. Should the Settlement not be finally approved, or should the Effective Date not occur, or if the Settlement is terminated for any reason whatsoever, this Order shall be null and void and of no further force and effect, and the Parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this action or in any other proceeding, the Settlement Agreement and all negotiations relating thereto shall be inadmissible, and all Orders issued in furtherance of or pursuant to this Settlement shall be vacated.

15. All proceedings in the Litigation other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

16. Class Counsel (separately) or the Parties (jointly) shall file a Final Approval Motion, and Class Counsel shall file its motion for Agreed Attorneys Fees' and the Class Representative's Incentive Payment no later than August 15, 2014.

17. Members of the Settlement Class who intend to object to or opt-out of the Settlement are required to comply with the requirements for objecting and opting out set forth in the Settlement Agreement and the Notice Plan and in this Order.

18. To be considered timely, a letter requesting to opt-out must be deposited in the U.S. Mail, postage prepaid, as evidenced by the post-mark, on or before September 5, 2014.  Any letter requesting to opt-out mailed after midnight, Pacific Standard Time, on September 5, 2014 is untimely and shall not be considered by the Claims Administrator, and the Class Member who sent such an untimely letter shall be a Settlement Class Member, and shall be bound by any Judgment in this Litigation, the Order Granting Final Approval of the Settlement, and the terms and conditions of the Agreement, including with respect to the release, waivers, and covenants described herein.

19. Any Class Member who wishes to object to the Settlement must file and serve copies of the written objection upon: (i) the Clerk of the Court of United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604; (ii) Class Counsel at 17 North State Street, Suite 1600, Chicago, Illinois 60602; and (iii) Counsel for Sterling to the attention of Bruce A. Colbath at Sheppard, Mullin, Richter & Hampton LL, 30 Rockefeller Plaza, New York,

New York 10112, and Jeffrey S. Klein at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153.

20. Any objection to the Settlement must be in writing, and must set forth, in clear and concise terms: (1) the objector's name, address, telephone number, and the name of the Litigation: *Townsend v. Sterling Jewelers Inc.*, 13-cv-3903; (2) objective evidence that the objector is a Class Member; (3) a statement of whether the objector intends to appear at the Final Approval Hearing; (4) a statement of the objection; (5) a detailed description of the facts and legal arguments and authorities supporting the objection; (6) a list of any witnesses the objector may call to testify at the Final Approval Hearing, whether in person, by deposition, or affidavit, and including a brief summary of each witness' expected testimony; (7) a list of any exhibits, and copies of the same, which the objector may offer at the Final Approval Hearing; (8) the names of all attorneys representing the objector in the objection, if any; and (9) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative in connection with the objection, if any (along with any documentation setting forth such representation) ("Objection").

21. To be considered timely, an Objection must be deposited in the U.S. Mail, postage prepaid, as evidenced by the post-mark, on or before September 5, 2014. Any Objection mailed after midnight, Pacific Standard Time, on September 5, 2014 is untimely and the Court is not obligated to consider it. Any Class Member who fails to timely submit an Objection in the manner prescribed herein shall be deemed to have waived, and be foreclosed forever from raising, any objection to the Settlement or this Agreement.

22. Members of the Settlement Class who object are not required to appear at the Final Approval Hearing. However, if an objecting Class Member intends to appear at the Final

Approval Hearing with counsel, his or her counsel must file a notice of appearance with the Court (as well as serve on Class Counsel and Counsel for Sterling) at the same time that the Objection is served pursuant to the requirements stated in Paragraphs 19 and 20 of this Order.

23. The Final Approval Hearing shall be held before the undersigned on September 15, 2014 at 9:00 a.m.

                                                         **SO ORDERED.**

Dated: April 7, 2014

                                                      Hon. Gary Feinerman
                                                     **United States District Judge**

**4848-5171-6634, v. 1**